Rec'd WM
FILED WM
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 20 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MICHAEL HEALY,

         Plaintiff,

   -against-

NORTHWEST AIRLINES, INC./DELTA AIR
LINES, INC. and NEW YORK STATE DIVISION
OF HUMAN RIGHTS,

         Defendants.
------------------------------------------------------------------x

**MEMORANDUM & ORDER**

12-cv-733 (ENV) (JMA)

**VITALIANO, D.J.**

  Plaintiff Michael Healy brings this pro se action to challenge a reduction in his pension benefits. The pension plan is administered by Healy's former employer, Northwest Airlines Inc./Delta Airlines Inc. ("Delta"). Plaintiff claims the reduction in his benefits, which resulted from an offset provision in Delta's pension plan, violates the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002 et seq. Plaintiff also names the New York State Division of Human Rights ("NYSDHR") as a defendant in this action. Delta now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Delta's motion is granted.

## Background

  The following facts are based on Healy's complaint and its attachments; the facts alleged are deemed true and all reasonable inferences are drawn in his favor. See Gorman v. Consol. Edison Corp., 488 F.3d 586, 591-92 (2d Cir. 2007).

  Plaintiff was an equipment services employee at Delta for thirty-five years until, in August 1999, he notified Delta of his intent to retire. As of April 6, 1999, Healy received worker's

1

compensation benefits of $275 per week from the State of New York. In a similar determination, the Social Security Administration found plaintiff disabled as of May 1999 and awarded him monthly disability payments in the amount of $1401.[1]

In August 1999, Delta sent plaintiff materials outlining his options for retirement under Delta's "Pension Plan for Contract Employees." Plaintiff selected the "single life benefit" from the various options Delta offered. The single life benefit option provided for payments that would cease upon Healy's death. In September 1999, at age 57, and in line with other provisions of that option, plaintiff began receiving monthly plan benefits in the amount of $1427.31. According to Healy, for the next eight years, he received the full amounts of both his monthly pension and worker's compensation benefits.

In a letter dated September 19, 2007, Delta informed Healy that, because he had recently turned 65 (the "normal retirement age" under Delta's pension plan), his subsequent monthly plan payments would be offset in an amount equal to his monthly worker's compensation benefit.[2] Healy alleges he immediately contacted Delta to inquire about the reduction and was informed that provisions of the pension plan mandate the offset when retirees reach the plan's "normal retirement age." At plaintiff's request, Delta sent him a pension plan booklet that he acknowledges contained the offset provisions. Healy avers, however, that, had he been aware of the offset provision at the time he retired, he "certainly would have elected the spousal benefit and/or continued [his]

---

[1] Healy attached both award letters to his complaint. The letters make clear that both the New York State Worker's Compensation Board ("NYSWCB") and the Social Security Administration ("SSA") awarded benefits to be paid prospectively, as well as retroactively to the date of eligibility. NYSWCB notified Healy of its award some time after April 2001, pegging an eligibility date of April 6, 1999. SSA identified an eligibility date of May 1999 in its award letter dated July 26, 1999.

[2] The September 2007 letter from Delta explained that the offset would reduce plaintiff's gross monthly pension benefit to $235.64, but because the protected minimum benefit under Delta's pension plan was $369.65, beginning in September 2007, plaintiff would received the latter amount.

2

employment." He claims Delta did not include the pension plan documents—and thereby withheld details of the offset provision—in the package of retirement documents sent to him in August 1999.

On January 30, 2012, plaintiff filed a verified complaint in Supreme Court, Queens County against Delta and NYSDHR,[3] complaining that Delta had failed to inform him of the offset provision at the time of his retirement. Delta removed the action to this Court on February 14, 2012, and now moves to dismiss.[4] Plaintiff did not object to removal of his claim to this Court.

## Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This rule does not compel a litigant to supply "detailed factual allegations" in support of his claims, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). To survive a Rule 12(b) motion, the complaint "must contain sufficient factual matter, accepted as

---

[3] Healy's complaint contains no factual allegations of wrongdoing with respect to NYSDHR. In the absence of any such allegations, and despite its failure as yet to make an appearance in this suit, the action against NYSDHR is dismissed. Even if plaintiff had alleged cognizable wrongdoing on NYSDHR's part, those claims would have been remanded to Supreme Court, Queens County. The Court would not have subject matter jurisdiction to adjudicate them. See Benzo v. New York State Div. of Human Rights, No. 95 CIV. 5362, 1997 WL 37961, at *10 (S.D.N.Y. Jan. 31, 1997), aff'd, 141 F.3d 1151 (2d Cir. 1998). The dismissal of NYSDHR as a named defendant, however, is without prejudice to Healy's ability to bring any claim he may hold against NYSDHR in state court.

[4] As an alternative to its arguments on the merits, Delta urges dismissal is appropriate because Healy has failed to exhaust remedies available under Delta's pension plan. Though the Second Circuit has established that litigants must exhaust plan remedies prior to bringing certain ERISA-based claims in a district court, see Kennedy v. Empire Blue Cross and Shield, 989 F.2d 588, 594 (2d Cir. 1993), because exhaustion is not a jurisdictional pre-requisite and plaintiff's claim fails on the merits, the Court need not reach the issue of whether the kind of ERISA claim Healy advances requires exhaustion of plan remedies. See De Pace v. Matsushita Elec. Corp. of Am., 257 F. Supp. 2d 543, 557-58 (E.D.N.Y. 2003) (distinguishing plan-based claims that require exhaustion of plan remedies from statutory-based claims that do not require exhaustion). See also Paese v. Hartford Life & Acc. Ins. Co., 449 F.3d 435, 446 (2d Cir. 2006) (holding that failure to exhaust remedies under an ERISA plan is not jurisdictional).

true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quotations omitted).

On a Rule 12(b)(6) motion, the Court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008). In addition, when considering "a motion to dismiss a breach of fiduciary duty claim under ERISA, although the court is limited to facts as stated in the complaint, it may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which [he] relied in bringing the suit." In re Bank of Am. Corp. Sec., Derivative & Employee Ret. Income Sec. Act (ERISA) Litig., 756 F. Supp. 2d 330, 344-45 (S.D.N.Y. 2010). Of course, where a plaintiff is proceeding pro se, his "submissions . . . must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (quotations omitted).

**Discussion**

A. Breach of Fiduciary Duty Under ERISA

To establish a claim for breach of fiduciary duty under ERISA, a plaintiff must demonstrate: (1) the defendant's status as an ERISA fiduciary acting in a fiduciary capacity; (2) a material misrepresentation or omission on the part of the defendant; and (3) detrimental reliance by the plaintiff. Bell v. Pfizer Inc., 499 F. Supp. 2d 404, 410 (S.D.N.Y. 2007). An entity is a fiduciary of an ERISA plan "to the extent" that, among other things, it "has any discretionary authority or

4

discretionary responsibility in the [plan's] administration." 29 U.S.C. § 1002(21)(A). Delta does not dispute that it is the administrator and a fiduciary with respect to Healy's pension plan.

Section 1104 of ERISA requires that a plan fiduciary "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104. An administrator of an ERISA benefit plan has a specific duty to provide participants with specified information about the plan. See 29 U.S.C. § 1021(a). Section 1024(b)(1) provides that "[t]he administrator shall furnish to each participant . . . receiving benefits under the plan, a copy of the summary plan description [("SPD")] . . . within 90 days after he becomes a participant." Plan administrators are further required to furnish participants and beneficiaries with a copy of the SPD every five years if the plan is amended or every ten years if there are no amendments. 29 U.S.C. §1024(b)(1)(B). A SPD must include such information as the name and type of plan, the plan's requirements with respect to eligibility for participation and benefits, and circumstances that may result in disqualification, ineligibility, or denial or loss of benefits. 29 U.S.C. § 1022.[5]

As the plan's administrator, Delta had a duty to furnish Healy with a copy of the SPD (which, the Court finds, indisputably contains an explanation of the offset provision) within 90 days of his becoming a plan participant and, at minimum, every ten years thereafter.[6] Failure to provide a plan's participants with a SPD may support a breach of fiduciary duty claim. Lee v. Burkhart, 991 F.2d 1004, 1011 (2d Cir. 1993). There can be no breach, however, without an underlying ERISA

---

[5] SPDs should be written in nontechnical language, be easily understood by plan participants, and should accurately summarize a plan's provisions. Paul J. Schneider & Brian M. Pinheiro, ERISA: A Comprehensive Guide § 2.02[B] (4th ed. 2012). A SPD is one of the primary ways by which plan provisions are communicated to participants. Id.

[6] Defendant included a copy of the SPD as part of its submission. The SPD is properly considered on this Rule 12(b)(6) motion because it is integral to events detailed in the complaint. See Wilson v. Medical Unit Officials, No. 10-cv-1438, 2011 WL 6780934, at *1 (E.D.N.Y. Dec. 27, 2011).

provision that gives rise to a corresponding duty in the first place. See Bilello v. JPMorgan Chase Ret. Plan, 649 F. Supp. 2d 142, 169 (S.D.N.Y. 2009).

Healy alleges "Delta knowingly, purposefully, and willingly" withheld the SPD from his retirement informational package. Healy makes no allegation, however, that Delta failed to provide him with the SPD in accordance with its obligation under § 1024(b). His claim hinges on allegations that Delta did not re-inform him of the applicability of a pension benefit offset reduction that, apparently, attached to the benefit option he chose at the time he retired. Though plaintiff claims, as a result of this omission by Delta, he was unaware of the offset provision when he elected the single life benefit, ERISA's statutory terms create no obligation that would have required Delta to provide an *additional* SPD—or information or advice otherwise focused on the benefit offset—at the time of Healy's retirement. Where § 1024 does not require disclosure, it is inappropriate to infer additional disclosure obligations on the basis of § 1104's general imposition of fiduciary duties. Bd. of Trustees of CWA/ITU v. Weinstein, 107 F.3d 139, 146 (2d Cir. 1997). With respect to information or advice to be given by a plan administrator to a participant, so long as Delta furnished Healy with a copy of the SPD within 90 days of his becoming a plan participant and every ten years thereafter—and Healy does not allege otherwise—Delta satisfied its fiduciary obligations under ERISA. Healy's claim for breach of that duty is dismissed.

B. Leave to Amend

Though unlikely, since the essence of his grievance seems to be that Delta failed to give advice it was not legally required to give, Healy's ERISA claim may hold water should he be able to plead facts in good faith showing, for example, that Delta failed to give information it was

required to give.[7] Leave to amend should be freely given unless amendment would be futile, In re Tamoxifen Citrate Antitrust Litig., 466 F.3d 187, 220 (2d Cir. 2006); absent exceptional circumstances, "amendment should normally be permitted," Nerney v. Valente & Sons Repair Shop, 66 F.3d 25, 28 (2d Cir. 1995) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227 (1962)). In light of his pro se status, plaintiff is granted leave to amend his complaint to plead facts sufficient to state a claim of breach of fiduciary duty under ERISA. Plaintiff is advised that an amended complaint completely replaces the original. Therefore, plaintiff must include in his amended complaint all information contained in the original complaint, *in addition* to facts enabling a neutral fact-finder to plausibly infer that the alleged ERISA violation resulted from Delta's failure to furnish plaintiff with a complete SPD in accordance with its obligations under § 1024(b). To put it plainly, for Healy's ERISA claim against Delta to survive even the most solicitous review, he must allege in his amended complaint—if he can do so in good faith—that Delta did not furnish him with a copy of the SPD (and thereby information regarding the offset) during his employment with the company.

## Conclusion

For the foregoing reasons Delta's motion to dismiss under Rule 12(b)(6) is granted. Plaintiff's ERISA claim against Delta is dismissed without prejudice and with leave to file an amended complaint, as set forth in this Memorandum & Order, on or before August 15, 2012.

If plaintiff fails to file an amended complaint on or before that date, the Clerk of Court will be directed to enter judgment for defendant and to close this case.

Further, the putative action against the New York State Division of Human Rights is dismissed without leave to re-plead in this Court, since it lacks subject matter jurisdiction to

---

[7] Based on what plaintiff has alleged, documents he has attached, and what he has stated in opposition to this motion, it seems very unlikely that he can.

7

adjudicate such a claim, but without prejudice to pleading claims against that state agency in a court of appropriate jurisdiction.

**SO ORDERED**

Dated: Brooklyn, New York
       July 11, 2012

/S/
_____
ERIC N. VITALIANO
United States District Judge